[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
Before the court are two issues from two different court files arising out of the same exercise of eminent domain by the Bridgeport Redevelopment Agency.
The court will first address a motion to reconsider filed in the case of Bridgeport Redevelopment Agency v. Harris Memorial Apostolic FaithChurch of God, Inc., Docket No. 370421. The motion, filed by the Bridgeport Redevelopment Agency (BRA), seeks reconsideration of this court's granting of the church's motion to vacate the certificate of taking. The court grants the motion for reconsideration, and upon further consideration, vacates its original order, and denies the church's motion to vacate the certificate of taking.
The church based its motion to vacate, and part of its application for an injunction in Harris Memorial Apostolic Faith Church of God, Inc. v.Bridgeport Redevelopment Agency, Docket No. 373620, on insufficient service of process. According to the return, the sheriff. after a diligent search, was unable to locate Harris Memorial Apostolic Faith Church of God, Inc. The sheriff then caused to be published a notice of the condemnation in a newspaper of general circulation on February 26th and 27th, 2000. The sheriff did not personally serve any officers of the church, but did send notice via certified mail, return receipt requested, to the church property at 262 East Main Street, and to post office box number 1876, Bridgeport.
Service in a takings case is made pursuant to General Statutes §8-129. That statute provides that service is to be made in accordance with General Statutes § 52-57. For private corporations, incorporated in the State of Connecticut, service can be made in hand on one of the enumerated officers. General Statutes § 52-57(c). Nonetheless, CT Page 15787 General Statutes § 8-129 also provides for publication if, after reasonably diligent search, any of the interested parties cannot be found.[1] Further, General Statutes § 33-663(b) provides that: "[i]f a corporation has no registered agent, or the agent cannot with reasonable diligence be served, the corporation may be served by any proper officer . . . by sending a true and attested copy of the process.. by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office."
In the present case, because the church had suffered a fire some years ago, was boarded up. and the congregation moved to a different location, the sheriff was unable to locate any of the enumerated officers. (Sheriff's Return; Transcript. p. 31.) In addition. the church failed to designate an agent for service of process when it filed at the secretary of state's office. (Transcript, p. 51.) The sheriff sent a copy of the notice via registered mail, return receipt requested, to the address of the church at 262 East Main Street in Bridgeport and post office box number 1876, Bridgeport. (Transcript. p. 52-53.) Both notices were received and signed by church board members, the treasurer and the financial secretary in late January, 2000. (Transcript, pp. 12, 65-66.)
Further, the clerk of the court issued the certificate of taking on February 23, 2000, which was not less than twelve days and not more than ninety days after the publication of the notice, pursuant to General Statutes § 8-129. Therefore, service was proper in this case, and the motion to vacate the certificate of taking, after reconsideration, is denied.
In Harris Memorial Apostolic Faith Church of God, Inc. v. BridgeportRedevelopment Agency, Docket No. 373620, the church filed an application for a temporary injunction. petitioning the court to enjoin the BRA from further action in taking the church property by eminent domain and razing the structure. As stated above, the clerk of the Superior Court issued a certificate of taking on February 23, 2000. The basis for the church's application is three-fold. The church argues that (I) service upon it was improper; (2) the church is not blighted; and(3) the church is on the Connecticut registry of historic places and should not be razed.
The church's first argument cannot be sustained because, as discussed above, service on the church in the condemnation case, BridgeportRedevelopment Agency v. Harris Memorial Apostolic Faith Church of God,Inc., Docket No. 370421, was proper. With regard to the church's second argument, the BRA has the authority to determine which areas will be redeveloped pursuant to General Statutes § 8-127; to exercise eminent domain and acquire property in the redevelopment area pursuant to General Statutes § 8-128; and to determine which properties within that CT Page 15788 redevelopment area will be taken, regardless of whether a particular property within the redevelopment area is not itself blighted pursuant to General Statutes § 8-125(b).[2] Therefore, even assuming that the church structure itself is not blighted, the BRA nonetheless has determined that the area in which the church property is located is a blighted area in need of redevelopment. Because the church failed to prove that the BRA's taking of the property was an abuse of discretion;Bahr Corp. v. O'Brion, 146 Conn. 237, 250, 149 A.2d 691 (1959);[3] the court is powerless to restrain the BRA from condemning the property on the basis that the BRA exceeded its powers. Id.
The church's final argument is that the BRA is barred from razing the church structure because it is listed on the Connecticut registry of historic places. An application is also pending for the national registry. (Transcript. p. 34.) In response, the BRA argues that General Statutes § 22a-19a prohibits the unreasonable destruction of the property, and that the church failed to demonstrate that any destruction of the property would be unreasonable. The BRA is correct in its analysis of General Statutes § 22a-19a.
General Statutes § 22a-19a provides that historic structures are protected from unreasonable destruction. The policy behind this statute is the protection of the public trust in historical landmarks. See General Statutes § 22a-15. A plaintiff must prove "that the conduct of the defendant, acting alone or in combination with others, has or is likely unreasonably to destroy the public trust in such historic structures. . . ." General Statutes § 22a-19a. In the present case, the church has failed to show that the taking of the church property and the razing of the structure would be an unreasonable destruction of the public trust in the building. Although the historian testified that a fire, which burned some ten percent of the building, did not alter the significance of the structure, this court does not find such testimony credible. The fact that a noted architect designed the building, and the structure is recognized on an historic registry does not, without more, prove that the BRA's actions would unreasonably destroy the public trust in the building. Accordingly, because the church has failed to carry its burden, the court denies the application for a temporary and a permanent injunction.
In the third count of the complaint the church asserts that the BRA failed to serve notice upon the Roman Catholic Diocese of Bridgeport, a necessary party, and, therefore, the condemnation was improper. The church argues that the Diocese has a right of first refusal. which, the church asserts, is a covenant running with the land. In response. the BRA argues that the Diocese is not a necessary party, and, even assuming it is. the church has failed to show irreparable harm. A right of first CT Page 15789 refusal is not a covenant running with the land, it is a private agreement between the church and the Diocese. See Middletown CommercialAssoc. Ltd. v. Middletown. Superior Court.judicial district of Middlesex at Middletown. Docket No. 065413 (November 14. 1993. Spallone, J. T.R.). Accordingly, a failure to include the Diocese as a party' is not fatal to the BRA's condemnation of the church's property.
Based on the foregoing, the court denies the church's application for a temporary injunction, and, after reconsideration, vacates its previous order in Docket No. 370421 vacating the certificate of taking.
JOHN W. MORAN, JUDGE